**FILED**

August 17 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0122 and DA 10-0123

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 184N

T.G.C and M.C.,

      Petitioners and Appellees,

   v.

M.C.M.,

      Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause Nos. BDA-2009-13 and BDA-2009-14
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Lori A. Harshbarger, JD Law Firm, P.C., Whitehall, Montana

      For Appellees:

      Charles A. Smith, Attorney at Law, Helena, Montana

Submitted on Briefs:  July 28, 2010

Decided:  August 17, 2010

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 M.C.M. appeals an Order of the District Court for the First Judicial District, Lewis and Clark County, terminating her parental rights to her two minor children and approving the adoption of the children by M.C., the paternal grandmother of the children, and M.C.'s husband, T.G.C. We affirm.

¶3 M.C.M. raises the following three issues on appeal:

¶4 1. Whether the District Court erred in terminating her parental rights based on its conclusion that she was unfit and had abandoned the children.

¶5 2. Whether the District Court erred in terminating her parental rights based on its conclusion that she failed to support the children.

¶6 3. Whether the District Court erred in granting the Decree of Adoption of her children by M.C. and T.G.C.

¶7 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.

¶8     When M.C.M. and her husband, R.M.,[1] divorced in 2007, the District Court awarded M.C. legal guardianship over the children because the court found that neither M.C.M. nor R.M. was fit to parent the children based on the fact that M.C.M. had a serious drug problem and that R.M. had engaged in assaultive behavior toward the children. The court ordered both parents to pay 50% of the children's medical expenses and to contribute funds as they were able for the care and upbringing of their children. The court also concluded that within one year of the date of the Decree of Dissolution, either parent could petition to have a hearing to determine whether either of them should be awarded custody of the children.

¶9     In its January 2010 Order terminating M.C.M.'s parental rights, the court found that M.C.M. did not pay any support for the children as ordered by the 2007 Decree of Dissolution, nor did she petition the court within one year to regain custody of the children. Furthermore, the District Court found that the children have lived almost exclusively with M.C. and T.G.C. since 2002, and that M.C.M. has not provided any financial support for the children during the entire time the children have lived with M.C. Consequently, the court concluded that M.C.M. abandoned her children. The court also concluded that M.C.M. is unfit to parent her children because, although she currently is working and able to contribute to the support of the children, she has failed to do so.

¶10    M.C.M. argues on appeal that the District Court erred in terminating her parental rights because she did not willfully abandon the children as she never intended to give

---

[1] R.M.'s parental rights are not at issue here since he already agreed to the termination of his parental rights to both children and to the adoption of the children by M.C. and T.G.C.

3

M.C. permanent custody of the children. She maintains that even though she was incarcerated part of the time because of her drug use, she corresponded with the children and spoke with them by phone. She also points out that she was unable to support her children because of her incarceration.

¶11 Section 42-2-608, MCA, sets forth the findings needed to declare a parent unfit:

> (1) The court may terminate parental rights for purposes of making a child available for adoption on the grounds of unfitness if:
> (a) the court makes a determination that the parent has been judicially deprived of custody of the child on account of abuse or neglect toward the child;
> (b) *the parent has willfully abandoned the child, as defined in 41-3-102*, in Montana or in any other jurisdiction of the United States;
> (c) it is proven to the satisfaction of the court that the parent, if able, *has not contributed to the support of the child for an aggregate period of 1 year* before the filing of a petition for adoption;
> (d) it is proven to the satisfaction of the court that *the parent is in violation of a court order to support either the child that is the subject of the adoption proceedings* or other children with the same birth mother . . . .
> [Emphasis added.]

And, for purposes of § 42-2-608(1)(b), MCA, "abandonment" is defined in § 41-3-102(1)(a), MCA, as

> (i) leaving a child under circumstances that make reasonable the belief that the parent does not intend to resume care of the child in the future;
> (ii) *willfully surrendering physical custody for a period of 6 months* and during that period not manifesting to the child and the person having physical custody of the child a firm intention to resume physical custody or to make permanent legal arrangements for the care of the child . . . .
> [Emphasis added.]

¶12 It is manifest on the face of the briefs and the record before us that this appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly

4

interpreted, and the record supports the District Court's conclusion that M.C.M. is an unfit parent and that she abandoned her children.

¶13 Accordingly, we affirm the District Court's Order terminating M.C.M.'s parental rights and approving the adoption of her two minor children by M.C. and T.G.C.

¶14 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS